**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL KENNETH CAPELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:24-CV-1478-NCC |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final

decision of Defendant Frank Bisignano, Commissioner of Social Security (the "Commissioner")

denying the application of Plaintiff Michael Capelton ("Plaintiff") for Disability Insurance

Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for

Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§

1381, *et seq.* (the "Act").  The parties consented to the jurisdiction of the undersigned magistrate

judge pursuant to 28 U.S.C. § 636(c).  (Doc. 6.)  Because the Court finds the decision denying

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

.

benefits was not supported by substantial evidence, the Court will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

## I.   PROCEDURAL HISTORY

On June 9, Plaintiff applied for DIB and SSI, alleging that he had been unable to work since April 1, 2021 due to diabetes with seizure, seizures, high blood pressure, right shoulder chronic pain, and severe hearing loss.  (Tr. 238-55, 286.)  His application was initially denied.  (Tr. 81-92.)  On November 8, 2022, Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ).  (Tr. 165-66.)  After a hearing, the ALJ issued an unfavorable decision on September 18, 2023.  (Tr. 7-29.)  Plaintiff filed a Request for Review on October 18, 2023, but the Appeals Council declined to review the case on April 3, 2024.  (Tr. 237, 1-6.)  Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

## II.   LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled.  20 C.F.R. §§ 416.920, 404.1529.  "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled."  *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)).  In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits.  20 C.F.R. §§ 416.920(b), 404.1520(b).  Second, the claimant must have a severe impairment.  20 C.F.R. §§ 416.920(c), 404.1520(c).  The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ."  *Id*.  "'The sequential evaluation process may

be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations.  20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history.  *Id*.

Fourth, the impairment must prevent the claimant from doing past relevant work.  20 C.F.R. §§ 416.920(f), 404.1520(f).  The burden rests with the claimant at this fourth step to establish his or her RFC.  *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled.").  The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past.  20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work.  20 C.F.R. §§ 416.920(g), 404.1520(g).  At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC.  *Steed*, 524 F.3d at 874 n.3.

If the claimant meets these standards, the ALJ will find the claimant to be disabled.  "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *see also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377

3

F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

### III.    THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since April 1, 2021, the alleged onset date; that Plaintiff had the severe impairments of post-stroke epilepsy, status post cerebrovascular accident, hearing loss, and diabetes mellitus—type II; and that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

C.F.R. § 404, Subpart P, Appendix 1 (Tr. 13-16). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations:

> the claimant can stand and/or walk for four hours out of an eight-hour workday. The claimant can sit for remaining four hours and remain on task and at work station while seated. The claimant can occasionally balance, stoop, kneel, crouch, crawl, climb ramps and stairs—yet never climb ladders, ropes or scaffolds. The claimant can frequently handle, finger and feel—bilaterally. The claimant can have no exposure to moving mechanical parts or unprotected heights. The claimant can tolerate a moderate noise intensity level. The claimant can occasionally reach overhead with the nondominant left upper extremity. The claimant can frequently reach in all other directions with the non-dominant left upper extremity. The claimant can frequently reach in all direction with the dominant right upper extremity.

(Tr. 16). The ALJ further found that Plaintiff was capable of performing his past relevant work as a customer service clerk, as that work did not require the performance of work-related activities precluded by his RFC. (Tr. 22). The ALJ thus concluded that Plaintiff has not been under a disability from April 1, 2021, through the date of the decision, September 21, 2023. (Tr. 22-23).

## IV.   DISCUSSION

Plaintiff challenges the ALJ's decision on two grounds: (1) the ALJ failed to explain why certain limitations in a persuasive medical opinion were excluded from the RFC; and (2) the ALJ's finding that Plaintiff's previous work as a customer service clerk qualified as past relevant work is not supported by substantial evidence.

### A.  Evaluation of Medical Opinion Evidence and the RFC

In his appeal of the Commissioner's decision, Plaintiff argues that the ALJ committed reversible error by failing to explain why certain limitations from a medical opinion deemed persuasive were omitted from the RFC. The ALJ found the opinion of Dr. James Weiss

generally persuasive, but omitted from the RFC any communicative limitation despite Dr. Weiss' opinion that Plaintiff has "frequent hearing limitations," such as difficulty hearing normal conversation.  (Tr. 16, 110.)  Plaintiff argues that the ALJ's failure to explain the omission was reversible error.  The Commissioner responds that substantial evidence supports the ALJ's decision, that the ALJ was not required to adopt every limitation contained in the opinions he found persuasive, and that the ALJ adequately addressed the hearing issue in the opinion.  The Court agrees that the ALJ's failure to explain his omission of frequent hearing limitations in Plaintiff's ability to perform past relevant work was reversible error.

The RFC is the most a claimant can still do in a work setting despite the claimant's physical or mental limitations.  20 C.F.R. § 404.1545(a)(1); *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011).  An ALJ determines a claimant's RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of her limitations.  *Page*, 484 F.3d at 1043; *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question.  *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2000); *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000); *Hutsell v. Massanari*, 259 F.3d 707, 711-12 (8th Cir. 2001).  Because it is a medical question, an ALJ's RFC assessment must be supported by some medical evidence of the claimant's ability to function in the workplace.  *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016); *Cox*, 495 F.3d at 619.  An ALJ may not draw upon his or her own inferences from medical reports.  *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000).

For claims like Plaintiff's, filed after March 27, 2017, an ALJ evaluates medical opinions pursuant to 20 C.F.R. § 404.1520c.  These new rules provide that the Social Security

6

Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources."  20 C.F.R. § 404.1520c(a).  Rather, an ALJ is to evaluate the persuasiveness of any opinion or prior administrative medical finding by considering the: (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and nonmedical sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors.  20 C.F.R. § 404.1520c(c).

In evaluating the persuasiveness of a medical opinion, the factors of supportability and consistency are the most important for an ALJ to consider, and the ALJ must "explain how [she] considered the supportability and consistency factors … in [the] determination or decision."  20 C.F.R. § 404.1520c(b)(2).  An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal.  *Bonnett v. Kijakazi*, 859 Fed. Appx. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)).  ALJs need not explain in their decision how they considered the other factors.  20 C.F.R. § 404.1520c(b)(2).

Here, Defendant argues that the ALJ was not required to adopt every limitation contained in the opinions he found persuasive.  Defendant also counters that the ALJ included a limitation that Plaintiff could tolerate only a moderate noise intensity level and therefore sufficiently

7

accounted for Plaintiff's hearing loss and "vocationally accommodated it to the extent supported by the evidence as he discussed previously in his decision." (Doc. 11 at 6).

The Court disagrees. First, as to the noise restriction in the RFC, Defendant himself points out that Dr. Weiss' opinion did not limit restrictions on noise level. (Doc. 11 at 7; Tr. 21). Plaintiff correctly asserts that an *environmental* limitation concerning exposure to noise is a separate limitation from a *communicative* limitation concerning Plaintiff's ability to hear others in normal conversation. Second, Plaintiff is not arguing that the ALJ should have adopted every limitation; rather, Plaintiff argues that once a medical opinion is found to be persuasive, an ALJ must *explain any inconsistencies* between the limitations found in that opinion and the ultimate RFC.

Plaintiff's argument here aligns with courts in the Eighth Circuit that have "frequently found remand required where an ALJ finds a medical opinion persuasive, yet declines to include some of the limitations found in that opinion in that RFC and does not explain why." *Bedore v. Kijakazi*, No. 4:22-CV-567-SPM, 2023 WL 6064854, at *5 (E.D. Mo. Sept. 18, 2023) (collecting cases). While "there is no requirement that an ALJ accept all limitations proposed by a source, even when the ALJ finds the opinion persuasive or gives it significant weight" nor "to discuss every piece of evidence submitted," an ALJ "is not entitled to pick and choose only evidence in the record buttressing his conclusion." *Id*. at *4 (citation modified); *see also Berry v. Kijakazi*, No. 4:20-CV-890 RLW, 2021 WL 4459699, at *9 (E.D. Mo. Sept. 29, 2021) ("The Court is aware that an ALJ is not required to explain all the evidence in the record. But he cannot pick and choose only the evidence that buttresses his conclusion.") (internal citations omitted). If the ALJ did not include the limitation proposed by the persuasive medical opinion, "the ALJ should have explained why any excluded limitation was not adopted." *Wilson v.*

*Kijakazi*, No. 1:21-CV-156-MTS, 2023 WL 245712, at *3 (E.D. Mo. Jan. 18, 2023) (citation modified).  The failure to either include the persuasive opinion's limitation in the RFC or explain its omission means the "RFC is not supported by substantial evidence."  *Id.*; *see also Barnes v. Kijakazi*, No. 4:22 CV 766 SPM, 2023 WL 5348769, at *6 (E.D. Mo. Aug. 21, 2023) (finding that "remand is required for the ALJ to reconcile her finding that the opinions of [doctors] were persuasive without explaining why she declined to adopt their conclusion that plaintiff should work 'away from the public'"); *Shay v. Comm'r of Soc. Sec. Admin.*, 2020 WL 30326, at *2 (W.D. Mo. Jan. 2, 2020) ("[R]emand is necessary for the ALJ to either incorporate these parts of the doctor's opinion into the RFC or explain why they should not be included."); *Batson v. Kijakazi*, No. 20-03251-CV-S-WBG, 2022 WL 501405, at *4 (W.D. Mo. Feb. 18, 2022) ("Because the ALJ found Dr. Allen's opinions to be persuasive, supported by objective evidence, and consistent with the record, the ALJ should have included all limitations set forth by Dr. Allen.  Alternatively, if the ALJ chose not to include any of Dr. Allen's limitations, the ALJ should have explained why any excluded limitation was not adopted.  Here, the ALJ failed to do either. Thus, the RFC is not supported by substantial evidence."); *Berry v. Kijakazi*, 2021 WL 4459699 at *9 ("[A]n ALJ must at least provide the grounds upon which he accepts or rejects portions of an opinion" and remanding where the ALJ "omitted from the RFC—without discussion—a portion of [medical examiner's] opinion that appears pivotal in the disability determination").

Here, as in the above cases, the ALJ failed to explain his omission of Dr. Weiss' limitation that Plaintiff has frequent hearing limitations, with limited hearing in his right ear.  At most, elsewhere in the ALJ's decision—separate from the ALJ's discussion of Dr. Weiss' opinion—the ALJ notes "the medical consultative examiner's observation that the claimant had

9

difficulty hearing normal conversation" but dismisses it because "seldom if ever does the record otherwise reflect this." (Tr. 19). The ALJ failed to meaningfully discuss the consistency and supportability of Dr. Weiss' opinion on Plaintiff's hearing ability—and indeed, the ALJ did not even specifically address Dr. Weiss' opinion that Plaintiff had frequent hearing limitations. The ALJ's analysis is therefore insufficient. *Barnes*, 2023 WL 5348769 at *4 (rejecting ALJ's "one-sentence" conclusion about consistency and supportability of medical opinion); *see also Post v. Kijakazi*, No. 4:20-CV-315 RLW, 2021 WL 4355349, at *7 (E.D. Mo. Sept. 24, 2021) (remanding because ALJ "cursorily mentioned the 'consistency' factor but failed to address 'supportability' whatsoever") (cited in *Barnes*, 2023 WL 5348769 at *4).[2]

The Court "cannot speculate whether or why an ALJ rejected certain evidence." *Bedore*, 2023 WL 6064854, at *5 (quoting *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995) (quotation marks omitted)). As a result, "remand is necessary to fill this void in the record." *Lutz v. Kijakazi*, No. 4:20-CV-1140-SPM, 2022 WL 782300, at *5 (E.D. Mo. Mar. 3, 2022) (quoting *Jones*, 65 F.3d at 104). Otherwise, "the Court would be required to determine in the first instance whether there was substantial evidence to support the ALJ's decision to reject that limitation. It is not within the Court's purview to speculate why the ALJ may have rejected certain evidence." *Berry*, 2021 WL 4459699 at *8 (citing *Jones*, 65 F.3d at 104).

The Court also agrees with Plaintiff that the ALJ's error does not appear harmless. A remand is not necessary "if the ALJ's failure to explain the rationale for his omission of an

---

[2] The Court also notes its skepticism about the ALJ's conclusions here. Plaintiff's hearing difficulties are noted numerous times in the record. *See, e.g.*, Tr. 406 (noting "bilateral hearing loss"); 2291 (noting "difficulty with hearing normal conversational speech. Positive bilateral ear finger rub test); 845 ("delayed responses noted" and "repetitions needed at times"); 891 (noting "he is hard of hearing"); 2272 (noting "bilaterally wears hearing aid" and "impaired" hearing); 2265 (noting "impaired" hearing); 2296 (noting hearing is "impaired, bilaterally").

explicit limitation [] would have no impact on the outcome of the case." *Kenneth J.V. v. Kijakazi*, 2023 WL 2394397, at *9 (D. Minn. Jan. 27, 2023*), report and recommendation adopted*, 2023 WL 2388696 (D. Minn. Mar. 7, 2023).  Here, a vocational expert testified that the inability to understand 15% or more of words in conversation—requiring them to be repeated, or mixing them up—would be an impediment to productivity and would render an individual unable to do the customer service job at issue.  (Tr. 62-63).  As such, if the ALJ had included a hearing impairment in Plaintiff's ability to consistently stay on task in the RFC, the outcome might have been different.  *See Titus v. O'Malley*, No. 4:23-CV-00129-JSD, 2024 WL 620364, at *4 (E.D. Mo. Feb. 14, 2024); *see also, e.g., Gann v. Berryhill*, 864 F.3d 947, 952-53 (8th Cir. 2017) (remanding where the ALJ gave "significant weight" to two medical opinions yet failed to include limitations from those opinions in the RFC or in the hypothetical question posed to the vocational expert).

On remand the ALJ should consider all the functional limitations in Dr. Weiss' opinion and should either incorporate those limitations into the RFC or explain why an excluded limitation was not adopted.  *See Bedore*, 2023 WL 6064854, at *6.

Because the Court finds that remand is appropriate, it declines to address the remaining arguments.  *Bedore*, 2023 WL 6064854, at *6 ("Because remand is required, the Court will not address Plaintiff's remaining arguments.") (citing *Berry*, 2021 WL 4459699, at *9).

### B.  Change in Regulations

Finally, the Court takes up Plaintiff's request for this Court to immediately award benefits due to the changes in Social Security Regulation rules.  After the ALJ's decision, the Social Security Administration promulgated updated regulations governing the evaluation of past relevant work.  Under the amended regulation, "[p]ast relevant work is work that you have done

11

within the past *five years* that was substantial gainful activity and that lasted long enough for you to learn to do it." 20 C.F.R. §§ 404.1560(b)(1)(i), 416.960(b)(1)(i) (emphasis added). At the time the ALJ made his findings, the old rule set that evaluation period as the past *fifteen* years. The new rule became effective on June 22, 2024. The new, amended rule "appears to retroactively apply to any application for benefits remanded back to the Social Security Administration for further administrative proceedings after June 22, 2024, even if the remanded application was initially filed before the new rule came into effect." *Sharon U. v. Bisignano*, 2025 WL 2597515, at *9–10 (D. Minn. Sept. 8, 2025) (citing SSR 24-2P, 89 Fed. Reg. 48479 at 2 n.1, 2024 WL 3291790 at 2 n.1 (June 6, 2024)). As a result, if the new rule applies to Plaintiff's application on remand—as the Court expects it will—then it is likely that an ALJ will find that he does not have past relevant work, which would result in a finding that he is disabled under Social Security Administration's "Grid Rules" based on Plaintiff's age, education, and lack of past relevant work. *See* 20 C.F.R. Part 404, Subpt. P, App'x 2, 202.04 (directing a finding of disabled for a person 55 years old or older, with a high school education, and no past work who is limited to light exertional work).

Nonetheless, the Court declines to make a direct award of benefits. "[R]emand, not application of the new standard, is the usual remedy when the SSA makes a policy change while a claimant's case is on review*." Henrickson v. O'Malley*, 2024 WL 4169548, at *3 (D. Neb. Sept. 12, 2024) (citations omitted); *see also Sharon U.*, 2024 WL 3291790 at *9–10. "Although [a Grid Rule] appears to control and result in a finding of disability, that determination is for the Social Security Commissioner—not this Court—to undertake in the first instance." *Sharon U.*, 2024 WL 3291790 at *10. Additionally, the Eighth Circuit has said that even when "[a Grid Rule] appears to control, this issue is left to remand." *Papesh v. Colvin*, 786 F.3d 1126, 1136

(8th Cir. 2015) (citing *Stewart v. Sec'y of Health & Human Servs.,* 957 F.2d 581, 587 (8th Cir. 1992)).

Accordingly, the Court will remand the case to the Commissioner to allow the ALJ to comply with the regulations and issue a decision consistent with this order.

V.    **CONCLUSION**

For the reasons set forth above, the Court finds that the decision of the Commissioner is not supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under 42 U.S.C. § 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

Dated this 30th day of March, 2026

 /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

13